CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RM

AUG 0 1 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonaqea
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHELET SAINT LOUIS,  ) | Civil Action No. 7:14-cv-00331 |
|    Plaintiff,  ) | |
| ) | |
| v.  ) | **MEMORANDUM OPINION** |
| ) | |
| ROANOKE CITY JAIL MEDICAL  ) | |
| CLINIC, et al.,  ) | By:  Hon. Jackson L. Kiser |
|    Defendants.  ) |       Senior United States District Judge |

Michelet Saint Louis, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 that ostensibly names as defendants the Roanoke City Jail ("Jail") Medical Clinic, Dr. Powell of the Roanoke Memorial Hospital ("Hospital"), and Dr. Ali of the Con-Med Clinic at the Jail. Plaintiff complains about the medical care he received at the Hospital and the Jail while incarcerated. This matter is before the court for screening, pursuant to 42 U.S.C. § 1997e(c). After reviewing the record, I dismiss the claims against the Jail Medical Clinic without prejudice and terminate the Jail Medical Clinic and Dr. Powell as defendants.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted.[1] See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not allege any facts about Dr. Powell, and the Jail's

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Medical Clinic, which is merely a location or department inside the Jail, is not a "person" for purposes of § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (reasoning local jails are not appropriate defendants to § 1983 actions); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983). Accordingly, Plaintiff fails to state a claim against the Jail Medical Clinic upon which relief may be granted, and Dr. Powell and the Jail Medical Clinic are terminated as defendants. This action remains pending against Dr. Ali.

**ENTER**: This 1st day of August, 2014.

*[signature]*
Senior United States District Judge

2
Case 7:14-cv-00331-JLK-RSB   Document 13   Filed 08/01/14   Page 2 of 2   Pageid#: 59