CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB -9 2015

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHELET SAINT LOUIS,** | ) | Civil Action No. 7:14-cv-00331 |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DR. ALI,** | ) | By:  **Hon. Jackson L. Kiser** |
| **Defendant.** | ) | **Senior United States District Judge** |

Michelet Saint Louis, a Virginia inmate proceeding pro se, filed a civil rights complaint

pursuant to 42 U.S.C. § 1983.  Dr. Ali, the physician at the Roanoke City Jail ("Jail") and the

sole remaining defendant, filed a motion to dismiss.[1]  Plaintiff responded, and the motion to

dismiss is ripe for disposition.

I must grant Dr. Ali's motion to dismiss if I determine that the complaint fails to state a

claim on which relief may be granted.  Resolving this question under the familiar standard for a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires me to accept

Plaintiff's factual allegations as true.[2]  Furthermore, a complaint needs "a short and plain

statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual

allegations . . . to raise a right to relief above the speculative level. . . ."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  Plaintiff must "allege

facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co.,

---

[1] Dr. Ali also filed a motion for waiver of oral argument about the motion to dismiss.  Because no argument is necessary to resolve the motion to dismiss, the request is granted.

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

324 F.3d 761, 765 (4th Cir. 2003). After liberally construing Plaintiff's allegations, I deny Dr. Ali's motion to dismiss and direct Dr. Ali to file a motion for summary judgment.

Plaintiff alleges in pertinent part that he experienced excruciating pain from a burst appendix while incarcerated at the Jail on April 14, 2012. Plaintiff received an appointment with Dr. Ali four days after his appendix burst, and instead of treating Plaintiff's excruciating pain or burst appendix, "Dr. Ali had place[d] [Plaintiff] in a medical isolation [cell] without any medical care after all those days of pains." Plaintiff did not receive any medical attention until the afternoon of the next day when a nurse called a paramedic to take Plaintiff to a hospital just when Plaintiff "was about to die."

In light of these accusations viewed in a light most favorable to Plaintiff, Plaintiff states a plausible claim that Dr. Ali was deliberately indifferent to a serious medical need. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, Dr. Ali's motion to dismiss for failure to state a claim is denied. Pursuant to Standing Order 2013-6, Dr. Ali shall file a motion for summary judgment supported by affidavits.

ENTER: This _____ day of February, 2015.

Senior United States District Judge

2