CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL -2 2015

JULIA C. DUDLEY, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHELET SAINT LOUIS,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:14-cv-00331 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| DR. ALI,<br>    Defendant. | ) <br> ) <br> ) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Michelet Saint Louis, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Ali, the physician at the Roanoke City Jail ("Jail"). Dr. Ali filed a motion for summary judgment, and Plaintiff responded, and the matter ripe for disposition.[1] After reviewing the record, I grant Dr. Ali's motion for summary judgment.

I.

Plaintiff alleges in pertinent part that he experienced excruciating pain from a burst appendix while incarcerated at the Jail on April 14, 2012. Plaintiff says he saw Dr. Ali at a medical appointment four days after his appendix burst, and instead of treating Plaintiff's excruciating pain or burst appendix, "Dr. Ali had place[d] [Plaintiff] in a medical isolation [cell] without any medical care after all those days of pains."

The record reveals that on April 18, 2012, Dr. Ali examined Plaintiff after he arrived at the medical department. Dr. Ali listened to Plaintiff's complaints about the pain and tenderness he was experiencing around his kidney area, and she observed him to be in "obvious discomfort" as he "drag[ed] his right leg and was very guarded and tender in his right lower quadrant of his abdomen" and had "difficulty laying straight on his back due to the pain." Dr. Ali discovered Plaintiff had a low grade temperature and abdominal tenderness. As a result of these

---

[1] Dr. Ali also filed a motion for waiver of oral argument about the motion for summary judgment. Because no argument is necessary to resolve the motion, the request is granted.

observations, she ordered Tylenol for pain, a lumbar X ray, an abdominal ultrasound, a blood count, a complete metabolic panel, and a thyroid panel.[2] Dr. Ali also ordered that Plaintiff be monitored until those tests could be completed.

By the next day, however, Plaintiff became unable to move, and nurse's examination revealed that his vital signs were unstable and he had hypoactive bowel sounds. Dr. Ali was informed of Plaintiff's condition, and she ordered medical staff to contact 911 and arrange for Plaintiff to be taken to the emergency department.[3] Plaintiff was ultimately diagnosed with a ruptured appendix and the appendix was removed.

## II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that

---

[2] The blood for those tests was drawn on the same day, April 18, 2012.
[3] The results of the tests ordered the prior day had not yet been delivered to the medical department.

2

demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

### III.

Plaintiff alleges that Dr. Ali left Plaintiff to suffer extreme pain and exposed him to a substantial risk of death by not properly diagnosing or treating his rupturing appendix, in violation of the Eighth Amendment of the United States Constitution. I conclude that Dr. Ali was not deliberately indifferent to Plaintiff's injury or pain and grant Dr. Ali's motion for summary judgment.

To succeed on his Eighth Amendment claim about medical care, Plaintiff must sufficiently demonstrate that Dr. Ali was deliberately indifferent to a serious medical need.[4] Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference means that Dr. Ali was personally aware of facts indicating a substantial risk of serious harm and actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle, 429 U.S. at 104. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant

---

[4] Plaintiff's rupturing appendix constitutes a "serious medical need." See, e.g., Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

3

acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851.

There is no evidence that Dr. Ali recklessly disregarded an apparent substantial risk of harm. Dr. Ali examined Plaintiff, reviewed Plaintiff's medical record, and concluded that Plaintiff's pain and symptoms warranted further investigation. She ordered Tylenol for the pain, various tests, including an abdominal ultrasound and blood panels, and that staff observe him until the test results arrived. Plaintiff's condition worsened, however, before the results could be known, at which time Dr. Ali ordered medical staff to take Plaintiff to an emergency room. While Plaintiff surmises that Dr. Ali must have known Plaintiff was experiencing pain and symptoms from his appendix in the days before it ruptured, there is no evidence in the record to support that inference. Furthermore, Plaintiff's allegations that nurses knew of his pain or that nurses did not follow Dr. Ali's orders are not sufficient by themselves to prove deliberate indifference by Dr. Ali. Plaintiff's disagreement with Dr. Ali's failure to immediately diagnose a rupturing appendix or medical decision to order tests does not state claim for relief via § 1983, even if a diagnosis or treatment was, arguendo, negligent. Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (citing Estelle, 429 U.S. at 106); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Furthermore, Dr. Ali's treatment of Plaintiff does not shock the conscience and was not intolerable to fundamental fairness in light of her efforts to diagnose Plaintiff's pain.

I conclude that no dispute of material fact exists and that the record as a whole could not lead a rational trier of fact to find in favor of Plaintiff because the record does not indicate that

4

Dr. Ali recognized a substantial risk of harm or recklessly disregard an apparent substantial risk of harm or that Dr. Ali's treatment shocks the conscience or was intolerable to fundamental fairness. Accordingly, Dr. Ali is entitled to qualified immunity and summary judgment.

## IV.

For the foregoing reasons, I grant Dr. Ali's motion for summary judgment

**ENTER**: This 2nd day of July, 2015.

*[signature]*
Senior United States District Judge

5